**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TOMAS BURGOS,

                                    Plaintiff,

           - v -                                                                  Civ. No. 1:14-CV-687
                                                                                             (DNH/RFT)

TROOPER A.M. HUGGINS; SPECIAL AGENT BRYAN
HAAG; MAGISTRATE DAVID R. HOMER; MAGISTRATE
CHRISTIAN F. HUMMEL; JUDGE GARY L. SHARPE;
SHERIFF JACK MAHAR; COUNTY OF RENSSELAER,

                                    Defendants.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

TOMAS BURGOS
Plaintiff, *Pro se*
*Last Known Address:*[1]
1035675
Rensselaer County Jail
4000 Main Street
Troy, New York 12180

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT RECOMMENDATION and ORDER

On June 9, 2014, *pro se* Plaintiff Tomas Burgos initiated this civil action asserting that the Defendants violated his rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Dkt. No. 1, Compl. Plaintiff also submitted a Motion for the Appointment of Counsel and, because he paid the filing fee, Summonses were duly issued by the Clerk of the Court. Dkt. No. 3. Thereafter, on August 15, 2014, Plaintiff

---

[1] Upon information and belief, Plaintiff is currently in the custody of the Federal Bureau of Prisons ("BOP") and is being held at the Otisville Federal Correction Institute, with a release date set for August 27, 2016. *See* Federal Bureau of Prisons website, *available at* http://www.bop.gov/inmateloc (information obtained for Inmate Tomas Burgos #19935-052) (last visited January 13, 2015). Plaintiff has not provided the Court with an updated address.

submitted a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") along with another Motion to Appoint Counsel. Dkt. No. 8, Mot. for IFP; Dkt. No. 9, Mot. to Appoint Counsel.

## I. DISCUSSION

### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action IFP, after reviewing the entire file (Dkt. No. 8), the Court finds that Plaintiff meets the requirement for economic need and thus may properly proceed with this matter *in forma pauperis*.

### B. Applicable Standards of Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se*

litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### C. Plaintiff's Complaint

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. A *Bivens* action is a judicially created remedy that allows individuals to recover for constitutional violations committed by federal agents, whereas, Section 1983 establishes somewhat parallel relief against state actors for violations of an individual's constitutional rights. *Carlson v. Green*, 446 U.S. 14, 18 (1980) ("*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."); *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) ("Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."). Generally, case law under 42 U.S.C. § 1983 applies to *Bivens* cases and the same immunity standards apply to both actions. *Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987).

Plaintiff's constitutional claims are problematic on multiple fronts. First, he has named parties who are absolutely immune from suit. And, second, he fails to state a cause of action for which relief can be granted. We address each of these obstacles below.

In liberally construing the Complaint, the Court recites the relevant facts contained therein. Because many of the facts contained in the Complaint relate to a federal prosecution against Plaintiff in the Northern District of New York, the Court initially takes judicial notice of the following:[2]

---

[2] In assessing the validity of a Complaint, the Court is permitted to take judicial notice of facts that are not subject to reasonable dispute, such as documents filed on a court's docket. *Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1164-65 (S.D.N.Y. 1996) (court may take judicial notice of public documents even if not included in or attached to complaint); *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 157 (1969) (taking judicial notice of related cases between same parties); *see also* FED. R. EVID. 201.

On February 8, 2012, Burgos was charged by indictment with seven felony counts of making false or fraudulent claims in violation of 18 U.S.C. §§ 287 and 2. *United States v. Burgos*, No. 1:12-CR-0059 (GLS), Dkt. No. 1, Indictment. An arrest warrant, signed by the Honorable David R. Homer, then-United States Magistrate Judge, was issued that same day. *Id*., Dkt. No. 61.

According to the facts set forth in the Complaint, on August 4, 2012, Plaintiff was traveling north on his motorcycle on Interstate 87, between Coxsackie and Albany, when he was stopped by Defendant State Trooper A.M. Huggins. Compl. at ¶ 10. When Defendant Huggins asked to see Plaintiff's driver's license, "Burgos explained that he is not a licensee under any board or commission and is not required to be a licensee." *Id*. at ¶ 11. Huggins insisted that Burgos must have a license and arrested, searched, and handcuffed him. *Id*. at ¶¶ 11 & 12. Burgos claims that Huggins failed to specify the reasons for his stop and subsequent arrest, but that he later received a "field report" which contained a traffic misdemeanor charge. *Id*. at ¶ 13. Huggins impounded the motorcycle and brought Plaintiff to the "state trooper baracks [sic]" for booking, and was later transported to the Greene County Jail. *Id*. at ¶¶ 14-17.

On August 6, 2012, Defendant Special Agent Bryan Haag, who is an employee of the United States Department of the Treasury, and two unknown agents came to the Greene County Jail and escorted Burgos to an unmarked police car where Defendant Haag "began to aggresively interogate [sic] Burgos" who, in turn, refused to answer any questions. *Id*. at ¶¶ 4 & 18-20. Burgos was brought to the James T. Foley U.S. Courthouse, in Albany, New York, and, after being "booked," was brought before then-Magistrate Judge Homer. *Id*. at ¶¶ 21 & 23. Burgos questioned Judge Homer's authority and jurisdiction to hear the case, but, over Burgos's objections, Judge Homer continued with the proceeding and ordered Burgos back to jail. *Id*. at ¶¶ 23-25; *see also United*

*States v. Burgos*, No. 1:12-CR-0059, Dkt. No. 5, Minute Entry, dated Aug. 6, 2012.

Thereafter, on January 7, 2014, Burgos was brought before the Honorable Christian F. Hummel, United States Magistrate Judge, wherein, over Burgos's objection, counsel appeared on Burgos's behalf; at the conclusion of the proceeding, Burgos was ordered back to jail and was taken to the Rensselaer County Jail, and held in Defendant Sheriff Jack Mahar's custody.[3] Compl. at ¶¶ 27-28.

On May 1, 2014, Burgos appeared before the Honorable Gary L. Sharpe, Chief United States District Judge. *Id*. at ¶ 31. Plaintiff again questioned the authority of the Judge to preside over the matter; nevertheless, the matter moved forward over Plaintiff's objections.[4] *Id*. at ¶ 32.

The Court takes judicial notice of further facts pertaining to Plaintiff's federal criminal prosecution. Following the signing of this civil rights Complaint (signed by Plaintiff on May 13, 2014), a plea agreement was struck and, on July 7, 2014, Burgos entered a plea of guilty to count seven of the indictment and all other counts would be dismissed at the time of sentencing. *United States v. Burgos*, No. 1:12-CR-0059, Dkt. No. 81, Plea Agreement; Minute Entry, dated July 7, 2014. On November 10, 2014, Burgos was sentenced to thirty-seven months imprisonment with a three-year term of supervised release; restitution in the amount of $88,979.71 was imposed along

---

[3] The Court takes judicial notice of the fact that on August 6, 2012, then-Magistrate Judge Homer determined that Burgos qualified for the appointment of counsel based on financial need and he appointed the Federal Public Defender to represent Burgos. *United States v. Burgos*, No. 1:12-CR-0059, Dkt. No. 5, Minute Entry, dated Aug. 6, 2012; Dkt. No. 7, Notice of Atty. Appearance. Several stipulations and orders of continuances were issued in that criminal matter, and at one point in the prosecution, Burgos complained about his court appointed counsel and was permitted to proceed *pro se*. Ultimately, the Federal Public Defender's representation was terminated and Daniel Stewart, Esq., was appointed instead. Dkt. No. 41. Burgos appeared before Judge Hummel on January 7, 2014, for a detention hearing based upon a motion to revoke the conditions of Burgos's release and for his detention pending trial. *See id.*, Dkt. No. 40.

[4] The Court takes judicial notice of the fact that on May 1, 2014, Chief Judge Sharpe conducted a final pretrial conference wherein he discussed with the parties the parameters of the upcoming trial; at that point in the prosecution, Burgos was representing himself *pro se* and Attorney Stewart appeared as stand-by counsel. *United States v. Burgos*, No. 1:12-CR-0059, Minute Entry, dated May 1, 2014.

with a special assessment in the amount of $100.00. *Id.*, Dkt. No. 97, Judgment.

By this civil action, Plaintiff maintains that all Defendants acted "wantonly, recklessly, willfully, maliciously, and 'in concert' with additional Federal and State officers showing a deliberate indifference and callous disregard toward Burgos and Burgos'[s] rights protected and guaranteed by the Constitution, with the direct intent and sole purpose of injuring, humiliating, vexing, oppressing and causing mental anguish to Burgos." Compl. at ¶ 35. He seeks "fifty thousand dollars (50,000) per day for each day of unlawful imprisonment, one hundred thousand dollars (100,000) for his loss of gainful employment and one hundred thousand dollars (100,000) for the permanent loss of property, reputation and defamation of character to his friends, family and his standing in the community." *Id.* at ¶ 36.

### D. Analysis of Claims

First and foremost, it is clear that Defendants Homer, Hummel, and Sharpe are absolutely immune from suit. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction"); *Collins v. Lippman*, 2005 WL 1367295, at *3 (E.D.N.Y. June 8, 2005) (judicial immunity applies to actions seeking monetary and injunctive relief). All of the acts noted in the Complaint alleged to have been committed by these Defendants undoubtedly were performed within their judicial jurisdiction, notwithstanding Plaintiff's insistence that the Judges in this District lack the requisite jurisdiction to entertain a criminal action.[5] Thus, Plaintiff cannot state cognizable claims against these individuals and each should be **dismissed** from this action.

Second, in liberally construing the Complaint, it appears to the Court that Plaintiff is

---

[5] It is not clear whether Plaintiff espouses the same view as it pertains to this Court's jurisdiction to entertain his request for civil relief in this action.

attempting to assert what essentially amounts to claims for false imprisonment against Defendants Haag, Mahar, and the County of Rensselaer. Apparently, Plaintiff feels that each of these Defendants wrongfully detained him without proper authority to do so. In assessing whether Plaintiff has stated a valid claim for false imprisonment, we look to New York State law. *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007). Under New York law, the elements of a false imprisonment claim are: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoted in *Weyent v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996)). Plaintiff's false imprisonment claims must fail as a matter of law because we know, based on judicially noticed facts, that each of these Defendants took custody of Plaintiff based upon a warrant and/or an order issued by federal judges, namely, the arrest warrant issued by then-Magistrate Judge Homer on February 8, 2012, and the order of detention issued by Magistrate Judge Hummel on January 7, 2014. To the extent Plaintiff challenges the lawfulness of the warrant and order of detention, this civil rights action would not be the proper vehicle by which to do that because any determination of the legality of those aspects of the criminal proceedings in Plaintiff's favor, *i.e.* an assessment of Plaintiff's challenge of the jurisdiction over the criminal prosecution, would necessarily undermine the validity of his federal conviction and is thus barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

> A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994).

Here, Plaintiff's federal conviction has not been overturned, although it is currently on appeal before the Second Circuit Court of Appeals. Unless and until such conviction is rendered invalid or overturned, Plaintiff cannot maintain an action under § 1983 nor *Bivens* for his challenges to the Court's criminal jurisdiction and/or the validity of the arrest warrant and order of detention. And this Court will not recommend a *sua sponte* conversion of this civil action to a *habeas* petition in light of the stringent limits placed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") upon a prisoner's ability to bring more than one federal *habeas* petition. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 274–75 (2d Cir. 2002). As such, we recommend that, in light of the fact that the false imprisonment claims appear to be the only claims raised against these Defendants, such claims and Defendants should be **dismissed** due to Plaintiff's failure to state a cognizable claim for relief.

Lastly, in liberally construing the Complaint, the Court believes that Plaintiff is accusing Defendant Huggins of falsely arresting him on August 4, 2012. Again, we look to New York State law for guidance on the elements of a false arrest claim. *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999). Under New York law, "a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification." *Id*. (citation omitted). "[T]he existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "[P]robable cause to arrest exists when the [arresting] officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the

person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

Based upon the facts presented in the Complaint, it is clear that Burgos's arrest was authorized under the law.[6] We needn't postulate as to whether Trooper Huggins was aware of the arrest warrant signed by then-Magistrate Judge Homer because the facts as set forth in Plaintiff's Complaint provide, on its face, that Defendant Huggins had probable cause to arrest Plaintiff based upon his operation of a motor vehicle without a valid driver's license. Pursuant to New York State law, a person operating a motor vehicle <u>must</u> possess a driver's license, which varies depending on the type of vehicle; these licenses are issued by the Commissioner of the Department of Motor Vehicles. N.Y. VEH. & TRAF. LAW § 501. A vehicle operator's failure to "exhibit" a valid license to, *inter alia*, a police officer is "presumptive evidence that [the driver] is not duly licensed." *Id.* at § 507(2). "Driving without a license is a traffic infraction which justifies a police officer's immediate arrest of the unlicensed operator." *People v. Abrams*, 119 A.D.2d 682, 683 (N.Y. App. Div., 2d Dep't 1986) (citing, *inter alia*, *People v. Copeland*, 355 N.E.2d 288 (N.Y. Ct. App. 1976) & *People v. Ellis*, 465 N.E.2d 826 (N.Y. Ct. App. 1984)); *see also* N.Y. VEH. & TRAF. LAW § 155 ("For purposes of arrest without a warrant, pursuant to article one hundred forty of the criminal procedure law, a traffic infraction shall be deemed an offense.").[7] Thus, Plaintiff cannot maintain

---

[6] The Court notes that although probable cause is a defense that would be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense "appears on the face of the complaint," and my validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge.

[7] New York Criminal Procedure Law § 140.10 sets forth circumstances wherein a police officer may arrest a person without a warrant.

a claim against Defendant Huggins for false arrest because, based solely on the facts contained in the Complaint, Defendant possessed the authority to arrest Plaintiff.

### E. Motion to Appoint Counsel

Plaintiff has filed two Motions seeking the appointment of counsel. Dkt. Nos. 2 & 9. "A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). It is well-settled that courts cannot use a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), the court "should first determine whether the indigent's position seems likely to be of substance." 802 F.2d at 61. If the claim satisfies that threshold requirement, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d at 61-62).

This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe,* 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

As noted above, this Court finds that Plaintiff has failed to state cognizable claim for relief. Therefore, appointment of counsel would not be warranted.

## II. CONCLUSION

In its current form, the Complaint fails to state a claim upon which relief could be granted. Under such circumstances, the Court would normally grant a *pro se* litigant, such as Plaintiff, an opportunity to amend the Complaint in order to avoid dismissal. *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). However, such measures are not warranted here because, as explained above, any amendment would be futile in light of other infirmities plaguing this action. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (dismissal is appropriate where leave to amend would be futile). In light of the above discussion, it is clear that Plaintiff's civil rights Complaint cannot proceed as drafted and any amendment thereto would be futile.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 8) is **granted**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted and for naming Defendants who are protected by absolute immunity; and it is further

**ORDERED**, that Plaintiff's Motions for the Appointment of Counsel (Dkt. Nos. 2 & 9) are **denied**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by regular mail at the address listed in the Docket Report and at the following address:

> Tomas Burgos
> #19935-052
> FCI Otisville
> Federal Correctional Institution
> P.O. Box 1000
> Otisville, New York 10963.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED**.

Date: January 13, 2015
   Albany, New York

Randolph F. Treece
U.S. Magistrate Judge